GARRISON, Judge.
On April 20, 1982, James R. Lamy died while domiciled in Orleans Parish. Mr. Lamy had no descendants but was survived by his mother, two sisters, children of his deceased siblings, and his wife, Irma Moore Lamy, from whom he was judicially separated. Prior to his death, Mr. Lamy filed suit for divorce from Irma Moore Lamy but he died before a judgment of divorce was obtained. In his statutory will, Mr. Lamy bequeathed the usufruct of his home to his mother, Mrs. Florence W. Lamy, and the remainder of his estate to Mrs. Florence Cressy, defendant herein. Florence Lamy and Florence Cressy filed a petition for probate of James Lamy’s will and asked to be recognized as sole testamentary heirs of *291 the decedent and to be put into possession of all of decedent’s property. Edith Lamy English, sister of the decedent and plaintiff herein, then filed a plaintiff to set aside this will, alleging that the decedent and Cressy had lived together in open concubinage as contemplated by Civil Code Article 1481 and that, therefore, James Lamy was incapable of donating immovables to Cres-sy and could only donate movables to her if the donation was not in excess of one-tenth of the value of his entire estate. Cressy answered this petition claiming that she was not Lamy’s concubine and, alternatively, if she was found to be Lamy’s concubine, that C.C. Art. 1481 is unconstitutional in that it unfairly discriminates and deprives her of equal protection and due process of law.
In her suit, English claimed that the decedent and Ms. Cressy had been romantically involved from 1974 until the time of decedent’s death in 1982. In 1981, the decedent and Ms. Cressy became engaged to be married and in 1982, Cressy moved into the decedent’s home. English maintains that from the time of this move until the decedent’s death, the decedent and Cressy were living together in open concubinage as contemplated by Civil Code Article 1481.
Cressy admitted that she was romantically involved with the decedent during this period but she claims that she moved into the decedent’s home only after he was diagnosed as having cancer and was in need of someone who would be nearby in order to take care of him. Additionally, Cressy claimed that her move to the decedent’s home also enabled her to care for the decedent’s elderly mother who lived next door to the decedent and for whom the decedent was no longer able to care adequately.
At trial, Judge Joseph DiRosa entered judgment in favor of the defendant, Florence Cressy, finding that the evidence did not establish that the decedent and Cressy had lived together in open concubinage as contemplated by C.C. Art. 1481. Therefore, Judge DiRosa did not address Cres-sy’s alternative argument that C.C. Art. 1481 is unconstitutional.
On appeal, appellant English argues that the trial judge erred manifestly in applying the wrong test to determine whether the parties had lived together in open concubinage. The appellee, Cressy, urges that the trial judge was correct in his ruling, but that if this court finds that the trial judge committed manifest error, then the issue of the constitutionality of C.C. Art. 1481 should be remanded to the trial court for hearing and judgment.
Civil Code Article 1481, from which this case evolves, states as follows:
“Those who have lived together in open concubinage are respectively incapable of making to each other, whether inter vi-vos or mortis causa, any donation of im-movables; and if they make a donation of movables, it can not exceed one-tenth part of the whole value of their estate. “Those who afterwards marry are excepted from this rule.”
The Louisiana Supreme Court in the case of Succession of Franz, 232 La. 310, 94 So.2d 270 (La.1957), stated the test for open concubinage as follows:
“In LSA-Civil Code, article 1481, the word ‘concubinage’ describes a status and not mere acts of fornication or adultery however frequent or even habitual, it imports the maintenance of a status resembling marriage and the word ‘open’ means free from concealment, reserve or disguise, not secret, but plain and above board. The mere fact that two unmarried people reside in the same house is no proof of concubinage open or secret.”
In the case of Succession of Keuhling, 187 So.2d 520 (La.App. 3rd Cir.1966), the court cites the leading case of Succession of Jahraus, 114 La. 456, 38 So. 417 (La.1905), in which the Louisiana Supreme Court explained the rationale used by the redactors of Art. 1481 as follows:
“For these reasons, they carefully and studiously confined the provision to ‘those who have lived together in open concubinage,’ meaning by the word ‘open’ that the concubinage should be so public as to be practically avowed, not necessarily by word, but at any rate by *292 unambiguous, unequivocal conduct; that the relations must be such that, when sought to be made the basis of judicial action, no odious inquisitions might be necessary, and no nice poising of testimony, as in this case.”
The recent case of Thomas v. Thomas, 440 So.2d 879 (La.App. 2nd Cir.1983), writ denied, 443 So.2d 597 (La.1983), further defined “open concubinage” as follows:
“Thus, it is not enough that concubinage be proven. The courts have additionally required that concubinage be ‘open’. Concubinage is said to be open when the illicit relationship is not disguised, concealed, or made secret by the parties. Concubinage is open when the parties involved avow their illicit relationship by words or conduct ...
However, efforts taken by parties to conceal their illicit relationship militates against a finding of openness. Moreover, it is not sufficient that an illicit relationship be ‘notorious’ or widely known in order for it to be ‘open’ ...”
In support of her position, English cites testimony given at trial which established the facts that the decedent and Cressy were openly affectionate toward one another and that they took several trips together during their relationship. Additionally, English points out that the decedent made rental payments on the Chalmette apartment in which Cressy was living and that Cressy admitted that she and the decedent had frequent sexual relations. Testimony at trial also indicated that the decedent gave Cressy’s phone number to his relatives and that Cressy’s landlord was under the impression that both Cressy and the decedent had occupied the apartment.
In contradiction of English’s position, Ms. Cressy’s daughter testified that she lived with her mother at the Chalmette apartment and that the decedent had never lived there. Harold Lamy, the decedent’s cousin and close friend, testified that, to his knowledge, the decedent had always lived in his house on Jackson Avenue and that the decedent and Cressy were not living together prior to 1982 and did not hold themselves out as husband and wife.
According to our standard of review as stated in Arceneaux v. Domingue, 365 So.2d 1330 (La.1978), the appellate court should not disturb the factual findings of the trial court in the absence of manifest error. A review of the record in this case indicates that there was no manifest error on the part of the trial judge in finding that the decedent and Florence Cressy were not living together in open concubinage.
The facts that the decedent and the defendant committed adultery and that he helped pay the rent on her apartment are insufficient to establish open concubinage. As stated in the Keuhling case, supra, evidence of an adulterous relationship which was known to many people is not sufficient proof of open concubinage. James Lamy and Florence Cressy did not live together openly and publicly as husband and wife. If a state of concubinage did exist between them, it certainly was not ‘open’ as required by C.C. Art. 1481. Therefore, we affirm the judgment of the trial court.
We need not address the issue of the constitutionality of C.C. Art. 1481 in light of the fact that we affirm the finding of the trial court that the decedent and Cressy did not live together in open concubinage as contemplated by C.C. Art. 1481. For the reasons discussed above, we affirm the decision of the trial court. Appellant shall bear all costs of these proceedings.
AFFIRMED.